# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0936V

| | |
|---|---|
| KATHERINE O'BRIEN,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2024 |

*Jessica E. Choper*, Britcher Leone and Sergio, LLC, Glen Rock, NJ, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On February 17, 2021, Katherine O'Brien filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza vaccine on November 6, 2020, and alleged that she sustained a left shoulder injury related to vaccine administration within the time period set forth in the Table. Petition, ECF No. 1. On December 11, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,603.84 (representing $39,010.00 in fees plus $593.84 in costs). Application for Attorneys' Fees and Costs ("Motion") filed Feb. 29, 2024, ECF No. 47. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 4, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 48. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by Attorney Jessica Choper, through the end of 2023 are reasonable and consistent with prior determinations, and will therefore be adopted. Petitioner also requests the rate of $400 for 2024 work performed by Ms. Choper. ECF No. 40-2 at 5. I find this request reasonable and hereby award it herein.

Additionally, Petitioner is requesting the hourly rate of $450 for 2023 work performed by attorney E. Drew Britcher. However, Petitioner did not file an affidavit or any other supporting information to supplement the requested hourly rate. It is incumbent upon Petitioner's counsel to submit an affidavit in the future to support an attorney's requested hourly rate in the Vaccine Program. Furthermore, it does not appear that Mr. Britcher is admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Mr. Britcher will be compensated at non-attorney rates. **I hereby award Mr. Britcher the lesser rate of $175 per hour for all time billed in the 2023 timeframe.** This results in a reduction of the amount of fees to be awarded of **$110.00.**[3]

For paralegal work, Petitioner requests $175 per hour for the 2021-23 timeframe. *Id.* However, this rate exceeds the Vaccine Program's published range for paralegals for the 2021 timeframe, and therefore requires adjustment.[4] I shall instead compensate all paralegal work performed in the 2021 period at the reduced rate of $172 per hour, to be consistent with the Vaccine Program's published range for paralegals that year. **This further reduces the amount of fees to be awarded by $11.10**.[5] But the requested $175 rate for later years is within the appropriate experience range for paralegals, and I therefore award it herein.

---

[3] This amount is calculated as: ($450 - $175 = $275 x 0.40 = $110.00).

[4] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[5] This amount is calculated as follows: ($175 - $172 = $3 x 3.70hrs = $11.10).

Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF No. 47-1. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $39,482.74 (representing $38,888.90 in fees plus $593.84 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jessica E. Choper.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.